# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON E. GALLOWAY, | CASE NO. 1:07-cv-01686-LJO-GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| P. WATSON, | (Doc. 1) |
| Defendant. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Milton E. Galloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 21, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

3   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4   plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

5   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6   grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

7   standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330

8   n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9   of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

10  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11  **II.      Eighth Amendment Excessive Force Claim**

12  The events at issue in this action allegedly occurred at the Sierra Conservation Center in

13  Jamestown, where Plaintiff was housed at the time.  Plaintiff alleges that Defendant P. Watson, a

14  correctional officer, shoved him from behind on October 10, 2005, severely damaging his "already

15  delicate neck and spinal" cord.  (Doc. 1, Comp., § IV.)

16  The Cruel and Unusual Punishments Clause of the Eighth Amendment forbids the

17  "unnecessary and wanton infliction of pain . . . ."  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995

18  (1992) (internal quotations and citations omitted).  "What is necessary to establish an unnecessary

19  and wanton infliction of pain . . . varies according to the nature of the alleged constitutional

20  violation."  Id. (citation omitted).  Not "every malevolent touch by a prison guard gives rise to a

21  federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual

22  punishments necessarily excludes from constitutional recognition de minimis uses of physical force

23  . . . ."  Id. at 9-10 (internal quotations and citations omitted).  Only force which is employed

24  "maliciously and sadistically to cause harm" rises to the level of an Eighth Amendment violation.

25  Id. at 7.

26  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

27  relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965

28  (2007) (citations omitted).  In this instance, there are no facts alleged which would support a claim

1  that Defendant Watson acted maliciously and sadistically with the intent to cause harm.  Although

2  it appears that Plaintiff had a preexisting condition which rendered him particularly vulnerable to

3  injury, this special vulnerability is not, by itself, sufficient to transform what is described as a shove

4  into a violation of the Eighth Amendment.  The Court will provide Plaintiff with the opportunity to

5  clarify the basis of his constitutional claim in an amended complaint.

6  **III.    Conclusion**

7  Plaintiff's complaint fails to state a claim upon which relief may be granted under federal

8  law.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the

9  deficiencies identified by the Court in this order.

10  Plaintiff is informed he must demonstrate in his complaint how the conditions complained

11  of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

12  227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

13  involved.  There can be no liability unless there is some affirmative link or connection between a

14  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

15  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16  Further, Plaintiff is advised that an amended complaint supercedes the original complaint,

17  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

18  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

19  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

20  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

21  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

22  1474.

23  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

24  1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

25  2.      The Clerk's Office shall send Plaintiff a complaint form;

26  3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

27          amended complaint;

28  ///

4.   Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.   If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 5, 2008**                        **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE