# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON E. GALLOWAY, | CASE NO. 1:07-cv-01686-LJO-GSA PC |
| Plaintiff, | FINDING AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| P. WATSON, | (Doc. 11) |
| Defendant. | OBJECTION DUE WITHIN THIRTY DAYS |
| _____/ | |

**Finding and Recommendation Following Screening of Amended Complaint**

Plaintiff Milton E. Galloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 21, 2007.  On June 5, 2008, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim.  After obtaining an extension of time, Plaintiff filed an amended complaint on September 2, 2008.

## I.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

9  standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

10  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

11  of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

12  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

13  **II.   Eighth Amendment Excessive Force Claim**

14       The event at issue in this action allegedly occurred at the Sierra Conservation Center in

15  Jamestown, where Plaintiff was housed at the time.  Plaintiff alleges that Defendant P. Watson

16  ("Defendant"), a correctional officer, shoved him from behind on October 10, 2005, damaging his

17  neck and back.  (Doc. 11, Amend. Comp., § IV.)

18       The Cruel and Unusual Punishments Clause of the Eighth Amendment forbids the

19  "unnecessary and wanton infliction of pain . . . ." Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995

20  (1992) (internal quotations and citations omitted).  "What is necessary to establish an unnecessary

21  and wanton infliction of pain . . . varies according to the nature of the alleged constitutional

22  violation." Hudson, 503 U.S. at 5 (citation omitted).  Not "every malevolent touch by a prison guard

23  gives rise to a federal cause of action." Id. at 9.  "The Eighth Amendment's prohibition of cruel and

24  unusual punishments necessarily excludes from constitutional recognition de minimis uses of

25  physical force . . . ." Id. at 9-10 (internal quotations and citations omitted).  Only force which is

26  employed "maliciously and sadistically to cause harm" rises to the level of an Eighth Amendment

27  violation. Id. at 7.

28  ///

1   In this instance, there are no facts alleged which would support a claim that Defendant's
2   action rose to the level of a constitutional violation.  Even construed liberally, the allegation that
3   Defendant told Plaintiff he was walking like a turtle and shoved him from behind does not support
4   a claim that Defendant was acting maliciously and sadistically with the intent to cause harm.  The
5   force described was *de minimis*, and "not of [the] sort repugnant to the conscience of mankind."
6   Hudson at 10 (internal quotations and citation omitted).  Therefore, the Court finds that Plaintiff fails
7   to state a claim against Defendant for use of excessive force, in violation of the Eighth Amendment.

8   **III.    Conclusion and Recommendation**

9   Plaintiff's amended complaint fails to state a claim upon which relief may be granted under
10  section 1983.  The original complaint suffered from the same deficiency.  Plaintiff was provided
11  notice and an opportunity to amend the complaint, but was unable to cure the deficiency in his claim.
12  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court HEREBY
13  RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon
14  which relief may be granted under section 1983.

15  This Finding and Recommendation will be submitted to the United States District Judge
16  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
17  **days** after being served with this Finding and Recommendation, Plaintiff may file written objections
18  with the Court.  The document should be captioned "Objections to Magistrate Judge's Finding and
19  Recommendation."  Plaintiff is advised that failure to file objections within the specified time may
20  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22

23      IT IS SO ORDERED.

24  **Dated:   September 5, 2008**          **/s/ Gary S. Austin**
25                                            UNITED STATES MAGISTRATE JUDGE

26

27

28

3