# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON E. GALLOWAY,<br><br>        Plaintiff,<br><br>    v.<br><br>P. WATSON,<br><br>        Defendant.<br>_____/ | CASE NO. 1:07-cv-01686-LJO-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 14)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Docs. 11 and 12) |

       Plaintiff Milton E. Galloway ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

       On September 5, 2008, the Magistrate Judge filed a Findings and Recommendations herein which was served on Plaintiff and which contained notice to Plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff filed an Objection to the Findings and Recommendations and a motion seeking the appointment of counsel on September 15, 2008.

       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

       The issue is not that Plaintiff has inadequately researched his legal claim. (Obj., pg. 1.) All Plaintiff needs to do is describe what happened to him, which he did in his original and amended complaints. The issue is that Defendant Watson's conduct did not rise to the level of a constitutional

1  violation. Only the malicious and sadistic use of force is sufficient to state a claim based on a
2  constitutional violation. Hudson v. McMillian, 503 U.S. 1, 9-10, 112 S.Ct. 995 (1992). The incident
3  described by Plaintiff - a shove - is a de minimis use of force and does not violate the Eighth
4  Amendment. Id. at 7. This is not to say that Plaintiff does not have a remedy for Defendant's
5  conduct in state court under a different legal theory. See Hayden v. Grayson, 134 F.3d 449, 457 (1st
6  Cir. 1998) ("[N]ot every form of misconduct is a constitutional violation . . . .").

7      Plaintiff's motion for the appointment of counsel is denied. There are no exceptional
8  circumstances presented here that warrant seeking counsel to voluntarily represent Plaintiff. Rand
9  v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

10     Accordingly, IT IS HEREBY ORDERED that:
11     1.    Plaintiff's motion for the appointment of counsel, filed September 15, 2008, is
12         DENIED;
13     2.    The Findings and Recommendations, filed September 5, 2008, is adopted in full; and
14     3.    This action is dismissed, with prejudice, for failure to state a claim upon which relief
15         may be granted under section 1983.

17 IT IS SO ORDERED.
18 **Dated:**   **September 19, 2008**       /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE